**THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| **STATE OF DELAWARE**, | ) | |
| | ) | |
| **v.** | ) | **I.D. No. 1510013711A&B** |
| | ) | |
| **JOSHUA CHATTIN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Date Submitted: January 20, 2026
Date Decided: March 17, 2026

## ORDER ON DEFENDANT'S APPLICATION FOR COMPASSIONATE RELEASE – SUMMARILY DENIED

**IT IS SO ORDERED** this 17th day of March, 2026, that Defendant's Application for Compassionate Release pursuant to 11 *Del. C.* § 4217, be **SUMMARILY DISMISSED**.[1]

1.      Following a conviction by a jury at trial,[2] Chattin was sentenced on December 2, 2016, to fifteen (15) years at Level V suspended after ten (10) years at Level V for five (5) years at Level IV suspended after six (6) months at Level IV for two (2) years at Level III probation for Possession of a Firearm by a Person Prohibited; ten years at Level V suspended after two years at Level V for five years at Level III for Drug Dealing; two years at Level V for Possession of a Deadly

---

[1] 11 *Del. C.* § 4217(b)(6).
[2] *State v. Joshua Chattin*, Crim. I.D. No. 1510013711A, Docket Item (hereinafter "D.I.") 28.

Weapon During the Commission of a Felony; and two years at Level V suspended for one year at Level III for Conspiracy Second.[3] In total, Chattin was sentenced to fourteen (14) years of unsuspended Level V incarceration.

2. On January 20, 2026, pursuant to 11 *Del. C.* § 4217, Chattin applied for modification of his sentence seeking compassionate release.[4] This newly enacted avenue for sentence modification allows a certain classification of incarcerated inmates to so move the Court under a limited and defined set of circumstances.[5] This Section permits summary dismissal of such applications when these strictly defined circumstances are not met by the movant.[6]

3. Summary dismissal pursuant to 11 *Del. C.* § 4217(b)(6) is warranted here in that Chattin, while having served over half of the imposed Level V of his original sentence, did not provide a written statement from the Department of Corrections.[7]

4. Further, summary dismissal, pursuant to 11 *Del. C.* § 4217(b)(6) is warranted here in that Chattin was born in 1993, making him less than 60 years old. Therefore, he can only qualify for compassionate release under this section if he has

---

[3] *State v. Joshua Chattin,* Crim. I.D. No. 1510013711A&B, D.I. 35, 8, respectively. Chattin pled guilty to the Possession of a Firearm by a Person Prohibited charge following his conviction in Crim. Act. No. 1510013711B.
[4] D.I. 78-79 (1510013711A); 43-44 (1510013711B)
[5] *See generally*, 11 *Del. C.* § 4217.
[6] 11 *Del. C.* § 4217(b)(6)
[7] 11 *Del. C.* § 4217(b)(5) c.

served twenty five (25) years of his originally imposed sentence.[8]  Chattin was only sentenced to 14 years of unsuspended Level V time, therefore he will never qualify for relief under this statute.

5.      Finally, Chattin is serving statutorily mandated terms of incarceration at Level V for his convictions and has not yet served all of the statutorily mandated portion of his sentence.  This further disqualifies him from relief under § 4217.[9]

6.      Chattin is therefore ineligible for relief under 11 *Del. C.* § 4217 and his Application is **SUMMARILY DISMISSED**.

7.      Because Chattin's application lacks good cause, it invokes 11 *Del. C.* § 4217(c)(4).  Chattin is therefore prohibited from refiling any subsequent application for three (3) years, especially given that any future filing is futile.

**IT IS SO ORDERED.**

_____
The Honorable Danielle J. Brennan

Original to Criminal Prothonotary

Cc:   Joshua Chattin (SBI: 00516356), *Pro Se*
       Department of Justice
       Heather Hamlet & Robert May, Department of Corrections

---

[8] 11 Del. C. § 4217(a)(3)c.
[9] *See* 11 *Del. C.* § 4217(a)(5).